IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ZACHARY G. OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-699-ALB |
| | ) |
| JAMES HILL, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Zachary G. Owens, an indigent inmate incarcerated at the Geneva County Jail on pending state criminal charges.[1]  In the complaint, Owens alleges that the defendants have fabricated evidence against him and slandered/defamed his character by providing alleged false information to the news media.  Doc. 1 at 3.  Owens requests that the defendants be required "to openly admit their wrong doings[,]" publicly apologize "for the false information that was projected on the media" and be "held accountable for their criminal offenses."  Doc. 1 at 4.

---

[1] Owens states that he is currently awaiting trial on charges of first degree theft of property and third degree escape. Doc. 1 at 3.

Upon thorough review of the complaint and under applicable federal law, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II. DISCUSSION

### A. Fabrication of Evidence

Owens alleges that the defendants have fabricated evidence against him to support the criminal charges pending against him before the state courts of Geneva County, Alabama. A ruling in favor of Owens on the admissibility of this evidence could adversely impact the State's criminal prosecution of Owens.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court. 401 U.S. at 44–45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. 401 U.S. at 43–45. "In order to

---

[2]The court granted Owens leave to proceed *in forma pauperis* in this cause of action. Doc. 3. Thus, the court is obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous or malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when state judicial proceedings are pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention are present in this case. First, Owens is awaiting trial on criminal charges before a state court. Secondly, enforcement of the law is an important state interest. Finally, Owens may raise his challenge to the validity of the evidence in the pending state court proceedings and, if unsuccessful before the trial court and upon conviction, on direct appeal before the state appellate courts. However, exceptions to *Younger* abstention include situations where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law at issue flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*).

In this case, Owens has failed to allege any facts which warrant application of the exceptions to *Younger* abstention as his claims challenging the validity of the evidence do

not assert the type of bad faith or harassment that would justify the relief attendant to this claim — exclusion of the challenged evidence from his pending state criminal cases. Additionally, the mere fact that Owens must defend himself in state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Consequently, Owens' challenge to the veracity of evidence in his pending criminal cases is due to be summarily dismissed since equity, comity and federalism concerns require the court to abstain from considering such claim.

### B.  Slander and Defamation

Owens alleges the defendants released information to the media which constituted "slander and defamation of [his] character" because it "destroyed his reputation[.]" Doc. 1 at 3. This claim provides no basis for relief in this cause of action.

> In order to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that the complained of "conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986). A person's reputation by itself, however, is not a "liberty" or "property" interest that is protected by the Fourteenth Amendment and its due process principles. *Moncrieffe v. Broward Cnty. State Attorney's Office*, 516 F. App'x 806, 807 (11th Cir. 2013) (unpublished). "[N]o constitutional doctrine [exists] converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Paul v. Davis*, 424 U.S. 693, 702, 96 S.Ct. 1155, 1161, 47 L.Ed.2d 405 (1976). That is,"[a]n alleged act of defamation of character or injury to reputation is not cognizable in a complaint filed under § 1983." *Padgett v.*

> *Mosley*, CA No. 2:05–CV–0608–MEF, 2007 WL 2409464, at *7 (M.D.Ala. Aug. 20, 2007) (unpublished).
>
> "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991).
>
> The state-tort of defamation encompasses slander, which is based on an oral statement, as compared to a written statement. Black's Law Dictionary, Defamation (9th ed. 2009). Likewise, slander is not recognized as a violation of federal law. *Charles v. Scarberry*, 340 F. App'x 597, 599–600 (11th Cir.2009) (unpublished); *see Barley v. Autauga Cnty. Comms's*, CA No. 2:14–CV–55–TMH, 2014 WL 584255, at *2 (M.D.Ala.2014) (A "slander and defamation claim fails to state a claim of constitutional proportion since the Constitution does not forbid defamation, libel or slander.").

*Lee v. Jackson*, 2014 WL 5093126, at *2–3 (S.D. Ala. Oct. 10, 2014).

In light of the foregoing, the court finds that Owens' slander/defamation claim alleging a violation of his constitutional rights under 42 U.S.C. § 1983 is frivolous and, as such, subject to summary dismissal with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  State Criminal Charges

Insofar as Owens seeks to have the defendants held criminally responsible for the actions made the basis of the instant complaint, he is due no relief from this court. A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, *1 (6th Cir. 1999) ("[T]he district court properly dismissed [Plaintiff's] complaint as frivolous . . . [because] contrary

to [his] belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted."); *see also Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003) (criminal statutes "do not convey a private right of action."); *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997) (no private right of action exists under federal statute criminalizing conspiracies to deprive an individual of his constitutional rights); *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997) ("Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States.  The statute does not create a private cause of action.  *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd Cir. 1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985).").  Consequently, any request for criminal prosecution of the defendants alleges violation of a legal interest which clearly does not exist and is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### D.  Supplemental Jurisdiction

To the extent Owens seeks relief from this court on a pendent state law claim of slander/defamation, he is likewise entitled to no relief.  Review of any pendent state tort claim is only appropriate upon exercise of this court's supplemental jurisdiction.  In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over any potential state tort claim is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

Since the federal claims presented by Owens provide no basis for relief in this cause of action, the court concludes that the pendent state claim of slander/defamation is due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over the state tort claim of slander/defamation and makes no determination with respect to the merits of this claim.

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  The plaintiff's challenge to the veracity of the evidence in his pending state criminal cases be summarily dismissed as this court must abstain from considering this challenge in accordance with the *Younger* abstention doctrine.

2.  The plaintiff's slander/defamation claim brought under 42 U.S.C. § 1983 be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

3.  The plaintiff's request for criminal prosecution of the defendants be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

4.  The plaintiff's supplemental state tort claim of slander/defamation be dismissed without prejudice to any right the plaintiff may have to proceed on this claim before the state courts.

5.  This case be dismissed.

On or before **October 8, 2019** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.

11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of September, 2019.

                                            /s/  Charles S. Coody
                                 UNITED STATES MAGISTRATE JUDGE